FILED

2009 MAR 16 AM 10: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY: ________

Jason Gilliam
3426 Bahia Blanca West, Unit B
Laguna Woods, CA 92637
Telephone: (949) 206-0081, ex. 2

Defendant and Counterclaimant,
in pro per

UNITED STATES DISTRICT COURT

FOR THE CENTAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONEX DEPOSIT COMPANY and MONEX CREDIT COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>JASON GILLIAM, STEVEN BOWMAN, RICHARD GILLIAM, and DOES 1-50,<br><br>Defendants.<br>________________________<br>JASON GILLIAM,<br><br>Counterclaimant,<br><br>v.<br><br>MONEX DEPOSIT COMPANY, MONEX CREDIT COMPANY, and DOES 51 through 75, inclusive,<br><br>Counterdefendants. | No. SACV09-287 JVS (ANx)<br><br>COUNTERCLAIM BY JASON GILLIAM FOR LEGAL AND EQUITABLE RELIEF |

Defendant Jason Gilliam hereby avers as a counterclaim against plaintiffs Monex Deposit Company and Monex Credit Company the following:

///

I

Jurisdiction and Venue

1. Jurisdiction. This court has jurisdiction over the counterclaim for civil remedies under the RICO Act by virtue of 18 U.S.C. § 1964 and 18 U.S.C. § 1331. In addition, this court has jurisdiction over one of the two counterclaims for declaratory relief under 15 U.S.C. § 80b-14 28 U.S.C. § 2201, and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law counterclaims under 28 U.S.C. § 1367.

2. Venue. This court is the proper venue for this counterclaim because a substantial part of the events or omissions giving rise to the claims averred herein occurred in this federal district, and in Orange County, in particular. 28 U.S.C. § 1391.

II

Summary of Action

3. By this counterclaim, Jason Gilliam seeks treble damages from the counterdefendants Monex Deposit Company and Monex Credit Company and their unidentified co-conspirators, whose identities are not known, for their racketeering crimes which cause him actual financial losses. In addition, he seeks declaratory relief that the contract between him and these counterdefendants is void, as having been created in violation of 15 U.S.C. § 80b-3 and as having been induced by actual fraud. Finally, he seeks money damages for the breach of fiduciary duties by and the negligence of these counterdefendants.

///

///

III

Parties

4. Jason Gilliam is an individual.

5. Monex Deposit Company is a limited partnership registered with the California Secretary of State. It is based in Newport Beach, CA, and is controlled by the Carabini Family.

6. Monex Credit Company is a limited partnership registered with the California Secretary of State. It is based in Newport Beach, CA, and is controlled by the Carabini Family.

7. The identities and capacities of those counterdefendants sued herein as Does 51 through 75, inclusive, are unknown to Jason Gilliam, who is informed and believes, and thereon alleges that they have liability under the facts averred herein. Jason Gilliam will amend this counterclaim to include their true names and capacities as soon as they are ascertained.

8. In doing or failing to do those things they are herein alleged to have done or failed to do, each of the counterdefendants was the employee, agent, joint venturer or co-conspirator of each of the other counterdefendants, and was acting within the course and scope of their employment, agency, joint venture, or conspiracy.

IV

Claims

A

First Claim for Relief

(RICO)

9. Jason Gilliam incorporates by reference the allegations set forth in Paragraphs 1 through 8, inclusive.

10. Counterdefendants are associated together for the common purpose of conducting the enterprise called "Monex Precious Metals", which is ongoing and conducted through a pattern of racketeering activity- to wit: Through advertisement and promotional and sales activity through the mail system, the Internet, television and radio, and telephone lines, all of which affects interstate commerce, counterdefendants make false representations about themselves and their business activity, all in violation of 18 U.S.C. §§ 1341 and 1343, inter alia. For example, counterdefendants falsely represent that they are trustworthy investment advisors and traders in precious metals, that when clients purchase precious metals from them, title to specific precious metal on deposit passes to the clients and the clients can verify this passage at the depository, and that at all times, they abide by their fiduciary obligation to deal with their clients fairly and without conflict of interest.

11. Counterdefendants could be indicted by a federal grand jury for their crimes.

12. By reason of counterdefendants' racketeering activities, including, but not limited to mail and wire fraud, Jason Gilliam has suffered a substantial financial injury. That is, he relied on counterdefendants' advertisements, promotional activities, and financial advice, to invest money with counterdefendants only to end up losing everything, while counterdefendants enjoyed handsome profits.

///
///
///

B

Second Claim for Relief

(Declaratory Judgment under

15 U.S.C. § 80b-15 - Failure to Register as Advisor)

13. Jason Gilliam incorporates by reference the allegations set forth in Paragraphs 1 through 8, inclusive.

14. Counterdefendants acted as Jason Gilliam's investment advisors, and actively lobbied, encouraged, and advised him to make leveraged trades in their commodities. As such, they were required to register as investment advisors under 15 U.S.C. § 80b-3.

15. At no time relevant to the events or omissions averred herein were counterdefendants registered as investment advisors.

16. As such, an actual controversy exists between Jason Gilliam and counterdefendants relating to their legal relationship under the contract purportedly formed at the outset of their financial entanglement. Jason Gilliam contends that under 15 U.S.C. § 80b-15, the contract, and the whole of it, is void. On the other hand, Jason Gilliam is informed and believes, and thereon alleges, that counterdefendants contend that the contract is fully enforceable.

C

Third Claim for Relief

(Declaratory Judgment under California Civil

Code § 1667 - Illegal Contract)

17. Jason Gilliam incorporates by reference the allegations set forth in Paragraphs 1 through 8, inclusive.

18. At the outset of his financial entanglement with

counterdefendants, Jason Gilliam was required to execute a contract purporting to define the terms of the relationship and restricting Jason Gilliam's legal and equitable rights.

  19.   An actual controversy exists between Jason Gilliam and counterdefendants relating to their legal relationship under this contract:

    a.   Jason Gilliam contends that the contract is unenforceable because it includes provisions that violate express law and the policy of express law. Specifically, the contract purports to immunize counterdefendants for their negligence and malfeasance and to restrict Jason Gilliam's right to seek a remedy for counterdefendants' negligence or malfeasance to an internal claims procedure that must be invoked within ten business days of actionable negligence or malfeasance.

    b.   In addition, the contract purports to require the arbitration of "any and all disputes, claims or controversies arising out of or relating to any transaction between them or to the breach, termination, enforcement, interpretation or validity of" the contract, "including the determination of the scope or applicability of this agreement to arbitrate." However, the contract does not include an effective waiver of Jason Gilliam's constitutional right to a jury trial.

    c.   Jason Gilliam is informed and believes, and thereon alleges, that counterdefendants contend that the contract is fully enforceable.

///

///

///

D

Fourth Claim for Relief

(Declaratory Judgment under California Civil Code § 1689(b)(1) - Fraud in the Inducement)

20. Jason Gilliam incorporates by reference the allegations set forth in Paragraphs 1 through 8, inclusive.

21. Before Jason Gilliam entered into a business relationship with counterdefendants, they represented to him that any precious metal he purchased through them and by their services would belong to him, whether he took personal delivery or left the precious metal on deposit at the bank. Further, counterdefendants represented that if he decided to leave the precious metal at the bank, "the books and records of the bank or depository will identify you as the owner until your metal is sold."

22. In fact, this statement was false. The truth is that the bank maintained no such records.

23. Jason Gilliam relied on this representation in deciding to enter a business relationship with counterdefendants, and he would not have entered the relationship if he had known the truth.

24. As such, an actual controversy exists between Jason Gilliam and counterdefendants relating to the legal relationship that exists under the contract they executed at the outset of their business relationship, if any. Specifically, Jason Gilliam contends that the contract was induced by counterdefendants' fraud and is subject to rescission. On the other hand, Jason Gilliam is informed and believes, and thereon alleges, that

counterdefendants contend that the contract is enforceable.

E

Fifth Claim for Relief

(Breach of Fiduciary Duties)

25. Jason Gilliam incorporates by reference the allegations set forth in Paragraphs 1 through 8, inclusive.

26. Counterdefendants held themselves out as honest, experience brokers and experts in the trading of precious metals and precious metals futures. In addition, they were very active and aggressive in giving investment and financial advice to Jason Gilliam towards persuading him to trust their advice and to make trades by which they would make commissions, among other benefits.

27. Jason Gilliam trusted counterdefendants and relied on their advice, and counterdefendants knew that Jason Gilliam trusted them and relied on their advice.

28. As such, counterdefendants owed Jason Gilliam fiduciary duties, including the duties to deal fairly with him, to give him advice based upon sound reasons, and not to suffer from conflicts of interest.

29. Counterdefendants breached their fiduciary duties by taking positions adverse to Jason Gilliam's interests, by giving him advice and making recommendations that were not based on sound reasons, and by suffering from conflicts of interest which they did not disclose to him.

30. As a result of counterdefendants' breaches of their fiduciary duties, Jason Gilliam suffered a substantial financial loss in an amount that will be proved at trial. In addition,

counterdefendants' betrayal of their position of trust has caused Jason Gilliam to suffer extreme emotional distress.

F

Sixth Claim for Relief

(Negligence)

31. Jason Gilliam incorporates by reference the allegations set forth in Paragraphs 1 through 8, inclusive, and 26 and 27.

32. Counterdefendants breached the duty of care they owed to Jason Gilliam as his broker and financial advisor.

33. As a result of counterdefendants' negligence, Jason Gilliam suffered a substantial financial loss in an amount that will be proved at trial.

V

Prayer

Wherefore, defendant Jason Gilliam prays judgment on this counterclaim as follows:

1. Treble damages under the RICO laws according to proof.

2. That the court determine the rights and obligations, if any, between the parties relating to their legal relationship under the account contract and declare that contract unenforceable and rescinded.

3. Money damages according to proof.

4. That he be awarded his costs of suit, including a reasonable attorney fee, if allowed by law.

///

///

///

///

5. That he be granted all other just relief.

Dated: March 15, 2009

Respectfully submitted,

Jason Gilliam
Defendant, in pro per

Certificate of Service

I certify under penalty of perjury that:

I am over the age of eighteen and not a party to this lawsuit. My address is 504 Pierside Circle, Huntington Beach, CA 92648. I served the following:

Counterclaim of Jason Gilliam for Legal and Equitable Relief,

by depositing a true copy in a mailbox regularly maintained by the United States Postal Service in Laguna Woods, CA, on March 16, 2009, sealed in an envelope, with postage prepaid, addressed as follows:

Neil A. Goteiner
Farrella, Braun & Martell
235 Montgomery St.
San Francisco, CA 94104.

Daniel Salerno