Neil A. Goteiner (State Bar No. 083524)
ngoteiner@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiffs
MONEX DEPOSIT COMPANY and MONEX
CREDIT COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

(SOUTHERN DIVISION – SANTA ANA)

| | |
|---|---|
| MONEX DEPOSIT COMPANY and MONEX CREDIT COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>JASON GILLIAM, STEVEN BOWMAN, RICHARD GILLIAM, and DOES 1–50,<br><br>Defendants. | Case No. 8:09-CV-00287-JVS-AN<br><br>**[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE, AND ORDER ALLOWING EARLY AND EXPEDITED DISCOVERY**<br><br>The Hon. James V. Selna |

The Court has read plaintiffs' application for a temporary restraining order, for an order to show cause why a preliminary injunction should not issue continuing the terms of the TRO, and for an order allowing early and expedited discovery. The Court also has considered all evidence, memoranda, and other documents filed by the parties in connection with that application, as well as arguments of counsel and of pro se parties. Based on the foregoing material, the Court finds that good cause exists to grant the requested relief.

The Court finds the following facts:

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN

23587\1891917.1

1. An unknown, significant number of customers and potential customers of Monex Deposit Company and Monex Credit Company (collectively, "Monex") have decided not to do business with the company because of what they have read about Monex on websites operated by or contributed to by defendants Jason Gilliam, Richard Gilliam, and Steven Bowman (collectively "defendants.") Those websites include www.MonexFRAUD.com.

2. Defendants have threatened to publish additional negative material about Monex on www.MonexFRAUD.com and to report Monex's activities to government and the news media, and to continue to do so, unless the company pays them $20 million.

3. Defendants are likely to continue publishing negative material on those websites, including www.MonexFRAUD.com, and to keep their extortionate threats in place because Monex has refused to pay them.

4. The websites are likely immediately to harm Monex by damaging its reputation, customer relationships, business, revenues, and goodwill.

5. Such harm will not be compensable through money damages because the amount of damage will not be determinable with sufficient precision.

6. Defendants will not suffer any cognizable harm if they are enjoined from extorting, and attempting to extort, money from Monex by means of threatening to publish — and then publishing — negative statements about the company.

7. Defendants will not suffer any cognizable harm if they are temporarily enjoined from running theirweb sites pending the hearing for the preliminary injunction

8. Plaintiffs have provided proper notice of the instant application to Richard Gilliam and Jason Gilliam.

9. Plaintiffs have not provided notice to Steven Bowman by fax or personal service because he has not provided plaintiffs with a fax number and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN

- 2 -

23587\1891917.1

because of delays in serving him due to his residence in Canada and procedural requirements of the Hague Convention. Plaintiffs' provided Mr. Bowman with notice of the application and all pleading submitted to this Court in support thereof via email, which is the usual manner in which Plaintiffs' counsel and Mr. Bowman communicated, as evidenced by exhibits attached to the declaration of Neil A. Goteiner.

The Court makes the following conclusions of law:

1. Plaintiffs have a reasonable probability of success in this action.

2. The balance of equities in considering the application for the temporary restraining order tips sharply in Monex's favor.

3. This temporary restraining order is in the public interest.

4. There is good cause to allow early and expedited depositions to be taken in preparation for the hearing on the order to show cause.

IT IS ORDERED THAT:

A. Defendants and anyone acting in concert with them or on their behalf ARE HEREBY RESTRAINED AND ENJOINED FROM:

   i. Any efforts to extort consideration from Monex, including any efforts to persuade Monex to pay defendants money which directly or indirectly involves: (1) threats against Monex or its employees to publish in any forum or to share information about Monex with third parties, or (2) threats to defame Monex or its employees, unless Monex pays defendants.

   ii. Publishing or republishing any negative statements about Monex on any website, including, but not limited to, www.MonexFRAUD.com, www.youtube.com, http://digg.com, http://goldismoney.info, and http://americannepali.blogspot.com. This part of the order requires defendants to remove, from any website over which they have sufficient control, all negative material about Monex that they have published or republished there, and to stop using the world MonexFRAUD, all within 24

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN

- 3 -

23587\1891917.1

hours of the time this order becomes effective.

      iii.    Operating, directly or indirectly, www.MonexFRAUD.com, or other websites critical of Monex. All such websites and their contents must be removed from the public's access, within 24 hours of the time this order becomes effective, pending the Court's determination of Plaintiffs' request for a preliminary injunction.

      iv.    Disclosing or using directly or indirectly in any way any trade secret documentation or other propietary information belonging to Monex, including all internal Monex documents which are not public, such as Monex customer lists.

      v.    Retaining any trade secret or proprietary information referred to in the last paragraph. To implement this part of the Order, defendants must disclose to and return to Monex within 12 hours of entry of this Order all such information and documentation within defendants' possession, or within possession of anyone within defendants' control. To the extent that defendants once had possession of such documentation, but no longer have possession, defendants must within 12 hours also inform Monex's counsel in writing and in specific and sufficient detail: (1) all efforts defendants have made to re-acquire such documentation; (2) what became of such documentation, including the time and date defendants lost control of the documentation; and (3) who presently has possession of this documentation so that Monex can take steps to recover the documentation.

    B.    This order shall be effective as soon as plaintiffs or either of them properly have posted a bond in the amount of $_____.

    C.    This order shall expire __ full days after it becomes effective.

    D.    Defendants are ordered to show cause why a preliminary injunction should not issue, continuing the terms of the temporary restraining order until judgment or dismissal.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN

- 4 -

23587\1891917.1

E. Plaintiffs may file and serve papers in support of their request for a preliminary injunction, including a memorandum of points and authorities and documentary evidence, no later than ____ days before the hearing on the order to show cause.

F. Defendants may file and serve a return to the order to show cause and papers in opposition to or otherwise responding to the request for preliminary injunction no later than ____ days before the hearing on the order to show cause.

G. Plaintiffs may file and serve papers replying to defendants' return and any opposition no later than ____ days before the hearing on the order to show cause.

H. A hearing on the order to show cause will be held on _____, 2009 at ____:____ a.m./p.m., or as soon thereafter as the parties may be heard, in Courtroom 10C, U.S. District Courthouse, 411 West Fourth Street, Santa Ana, California.

I. Monex, on the one hand, and defendants, collectively, on the other hand, may depose by oral examination up to three people or entities in preparation for the preliminary injunction hearing. The depositions can be taken on two calendar days' notice or longer so long as they occur on business days. All other usual rules of deposition apply.

J. Monex, on the one hand, and defendants, collectively, on the other hand, may serve 20 requests for production of documents and things in preparation for the preliminary injunction hearing. Responses to the requests must be served within four days or produced at the next deposition of the responding party, provided that the requests are served at least one court day before the deposition.

Dated: _____

Time: _____

By: _____
U.S. DISTRICT COURT JUDGE

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN

- 5 -

23587\1891917.1