1   Neil A. Goteiner (State Bar No. 083524)
         ngoteiner@fbm.com
2   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street
3   San Francisco, CA  94104
    Telephone:  (415) 954-4400
4   Facsimile:   (415) 954-4480

5   Attorneys for Plaintiffs
    MONEX DEPOSIT COMPANY and MONEX
6   CREDIT COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT

10                (SOUTHERN DIVISION – SANTA ANA)

11

12   MONEX DEPOSIT COMPANY and          Case No.  8:09-CV-00287-JVS-AN
     MONEX CREDIT COMPANY,
13                                       **FINDINGS OF FACT,
                    Plaintiffs,          CONCLUSIONS OF LAW,
14                                       TEMPORARY RESTRAINING
     v.                                  ORDER, ORDER TO SHOW
15                                       CAUSE, AND ORDER ALLOWING
     JASON GILLIAM, STEVEN               EARLY AND EXPEDITED
16   BOWMAN, RICHARD GILLIAM,            DISCOVERY**
     and DOES 1–50,
17                                       The Hon. James V. Selna
                    Defendants.
18

19

20        The Court has read plaintiffs' application for a temporary restraining order,

21   for an order to show cause why a preliminary injunction should not issue

22   continuing the terms of the TRO, and for an order allowing early and expedited

23   discovery.  The Court also has considered all evidence, memoranda, and other

24   documents filed by the parties in connection with that application, as well as

25   arguments of counsel and of pro se parties.  Based on the foregoing material, the

26   Court finds that good cause exists to grant the requested relief.

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN

23587\1891917.1

The Court finds the following facts:

1.      A number of customers and potential customers of Monex Deposit Company and Monex Credit Company (collectively, "Monex") have decided not to do business with the company because of what they have read about Monex on websites operated by or contributed to by defendants Jason Gilliam, Richard Gilliam, and Steven Bowman (collectively "defendants.")  Those websites include www.MonexFRAUD.com.

2.      Defendants have threatened to publish additional negative material about Monex on www.MonexFRAUD.com and to report Monex's activities to government and the news media, and to continue to do so, unless the company pays them $20 million.

3.      Defendants are likely to continue publishing negative material on those websites, including www.MonexFRAUD.com, and to keep their extortionate threats in place because Monex has refused to pay them.

4.      The websites are likely immediately to harm Monex by damaging its reputation, customer relationships, business, revenues, and goodwill.

5.      Such harm will not be compensable through money damages because the amount of damage will not be determinable with sufficient precision.

6.      Defendants will not suffer any cognizable harm if they are temporarily enjoined from extorting, and attempting to extort, money from Monex by means of threatening to publish negative statements about the company.

7.      Plaintiffs have provided proper notice of the instant application to Richard Gilliam and Jason Gilliam.

8.      Plaintiffs have not provided notice to Steven Bowman by fax or personal service because he has not provided plaintiffs with a fax number and because of delays in serving him due to his residence in Canada and procedural requirements of the Hague Convention.  Plaintiffs' provided Mr. Bowman with notice of the application and all pleading submitted to this Court in support thereof

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN                    - 2 -                              23587\1891917.1

via email, which is the usual manner in which Plaintiffs' counsel and Mr. Bowman communicated, as evidenced by exhibits attached to the declaration of Neil A. Goteiner.

The Court makes the following conclusions of law:

1.     Plaintiffs have a reasonable probability of success in this action on one or more theories which would support injunctive relief, including defamation, trade libel, and interference with contract and economic advantage.

2.     The balance of equities in considering the application for the temporary restraining order tips in Monex's favor.

3.     This temporary restraining order is in the public interest.

4.     There is good cause to allow early and expedited depositions to be taken in preparation for the hearing on the order to show cause.

IT IS ORDERED THAT:

A.     Defendants and anyone acting in concert with them or on their behalf ARE HEREBY RESTRAINED AND ENJOINED FROM:

i.     Any efforts to extort consideration from Monex, including any efforts to persuade Monex to pay defendants money which directly or indirectly involves: (1) threats against Monex or its employees to publish in any forum or to share information about Monex with third parties, or (2) threats to defame Monex or its employees, unless Monex pays defendants.

ii.     Disclosing or using directly or indirectly in any way any trade secret documentation or other propietary information belonging to Monex, including all internal Monex documents which are not public, such as Monex customer lists.

iii.     Retaining any trade secret or proprietary information referred to in the last paragraph.  To implement this part of the Order, defendants must disclose to and return to Monex within 48 hours of entry of this Order all such information and documentation within defendants' possession, or within

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN                    - 3 -                    23587\1891917.1

possession of anyone within defendants' control.  To the extent that defendants once had possession of such documentation, but no longer have possession, defendants must within 48 hours also inform Monex's counsel in writing and in specific and sufficient detail: (1) all efforts defendants have made to re-acquire such documentation; (2) what became of such documentation, including the time and date defendants lost control of the documentation; and (3) who presently has possession of this documentation so that Monex can take steps to recover the documentation.

B.     This order shall be effective as soon as plaintiffs or either of them properly have posted a bond in the amount of $ 20,000.

C.     This order shall expire at 5:00 p.m. April 7, 2009.

D.     Defendants are ordered to show cause why a preliminary injunction should not issue, continuing the terms of the temporary restraining order until judgment or dismissal and adding the following additional terms:

  i.     Publishing or republishing any negative statements about Monex on any website, including, but not limited to, www.MonexFRAUD.com, www.youtube.com, http://digg.com, http://goldismoney.info, and http://americannepali.blogspot.com.  This part of the order requires defendants to remove, from any website over which they have sufficient control, all negative material about Monex that they have published or republished there, and to stop using the world MonexFRAUD, all within 24 hours of the entry of a preliminary injunction.

  ii.     Operating, directly or indirectly, www.MonexFRAUD.com, or other websites critical of Monex.  All such websites and their contents must be removed from the public's access, all within 24 hours of the entry of a preliminary injunction.

E.     Plaintiffs may file and serve papers in support of their request for a preliminary injunction, including a memorandum of points and authorities and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN

- 4 -

23587\1891917.1

1    documentary evidence, no later than March 26, 2009.

2         F.     Defendants may file and serve a return to the order to show cause and

3    papers in opposition to or otherwise responding to the request for preliminary

4    injunction no later than April 1, 2009.

5         G.     Plaintiffs may file and serve papers replying to defendants' return and

6    any opposition no later April 3, 2009.

7         H.     A hearing on the order to show cause will be held on April 7, 2009 at

8    3:00 p.m., or as soon thereafter as the parties may be heard, in Courtroom 10C, U.S.

9    District Courthouse, 411 West Fourth Street, Santa Ana, California.

10         I.     Monex, on the one hand, and defendants, collectively, on the other

11    hand, may depose by oral examination up to three people or entities in preparation

12    for the preliminary injunction hearing.  The depositions can be taken on two

13    calendar days' notice or longer so long as they occur on business days.  All other

14    usual rules of deposition apply.

15         J.     Monex, on the one hand, and defendants, collectively, on the other

16    hand, may serve 20 requests for production of documents and things in preparation

17    for the preliminary injunction hearing.  Responses to the requests must be served

18    within four days or produced at the next deposition of the responding party,

19    provided that the requests are served at least one court day before the deposition.

20

21    Dated: March 24, 2009

22    Time: Noon          By: _____

23                                 U.S. DISTRICT COURT JUDGE

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

TRO, OCS, & DEPS. ORDER
CASE NO. 8:09-CV-00287-JVS-AN       - 5 -       23587\1891917.1