UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-287 JVS (ANx)                             Date  May 27, 2009

Title  Monex Deposit Company v. Gilliam

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                    Not Present

**Proceedings:**  (In Chambers)   **ORDER EXPANDING INJUNCTION**

On April 9, 2009, the Court entered a preliminary injunction, enjoining Jason Gillian and Richard Gilliam from engaging in, among other things, certain conduct defamatory of Monex Deposit Company and Monex Credit Company (collectively "Monex). (Docket No. .)  Because of the First Amendment implications of imposing prior restraints on the Gilliams' Free Speech rights, the Court requested additional briefing.

Having considered the parties' briefs, the Court now enters an expanded injunction.

Were the present case merely one of defamation, the Court would not expand the injunction. However, Monex has demonstrated a likelihood of prevailing on its extortion claim. That substantially reduces the Gilliams' First Amendment rights. As the California Supreme Court held in Flatley v. Mauro, 39 Cal. 4th 299, 328 (2006):

> Extortion is not a constitutionally protected form of speech. ( R.A.V. v. City of St. Paul (1992) 505 U.S. 377, 420, 112 S.Ct. 2538, 120 L.Ed.2d 305 (conc. opn. of Stevens, J.) ["Although the First Amendment broadly protects 'speech,' it does not protect the right to ... 'extort' "]; United States v. Quinn (5th Cir.1975) 514 F.2d 1250, 1268 ["It may categorically be stated that extortionate speech has no more constitutional protection than that uttered by a robber while ordering his victim to hand over the money, which is no protection at all"].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-287 JVS (ANx) | Date | May 27, 2009 |
|---|---|---|---|

| Title | Monex Deposit Company v. Gilliam |
|---|---|

Nor is extortion vitiated by threatening lawful conduct:

> Extortion has been characterized as a paradoxical crime in that it criminalizes the making of threats that, in and of themselves, may not be illegal. "[I]n many blackmail cases the threat is to do something in itself perfectly legal, but that threat nevertheless becomes illegal when coupled with a demand for money."

Id. at 326; accord People v. Hesslink, 167 Cal. App. 3d 781, 787 (1985). Indeed, the courts have recognized that the threat of revealing the truth can be just as harmful as the threat of making false accusations. People v. Goldstein, 84 Cal. App. 2d 581, 586-87 (1948).

  Accordingly, the Court expands the scope of the preliminary injunction to proscribe all statements defamatory of Monex, save statement made to petition government or with regard to the Gilliams' personal dealings with Monex.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | kjt |  |