Neil A. Goteiner (State Bar No. 083524)
  ngoteiner@fbm.com
Scott Andrews (State Bar No. 243690)
  sandrews@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiffs
MONEX DEPOSIT COMPANY and MONEX
CREDIT COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

(SOUTHERN DIVISION – SANTA ANA)

| | |
|---|---|
| MONEX DEPOSIT COMPANY, et al., | Case No. SACV 09-00287-JVS(RNBx) |
| Plaintiffs, | |
| v. | **AMENDED AND SUPPLEMENTAL FINDINGS OF FACT, CONCLUSIONS OF LAW, AND PRELIMINARY INJUNCTION** |
| JASON GILLIAM, et al., | |
| Defendants. | |
| | The Hon. James V. Selna |

The Court has read all documents submitted in support of, in return to, and/or in opposition to entry of the temporary restraining order, the order to show cause, and/or the preliminary injunction, and has read supplemental briefing by plaintiffs and defendants Jason and Richard Gilliam. The Court also has considered all other evidence, documents, and argument of counsel and of pro se parties. Based on the foregoing material, and the entire file in this civil action, the Court finds that good cause exists to grant the preliminary injunction described in the Order to Show Cause and to amend and supplement the Court's Findings of Fact, Conclusions of

Law, and Preliminary Injunction dated April 9, 2009.

The Court finds the following facts:

1. A number of customers and potential customers of Monex Deposit Company and Monex Credit Company (collectively, "Monex") have decided not to do business with the company because of what they have read about Monex on websites operated by or contributed to by defendants Jason Gilliam, Richard Gilliam, and Steven Bowman (collectively "defendants"). Those websites include www.MonexFRAUD.com.

2. Defendants have threatened to publish additional negative material about Monex on www.MonexFRAUD.com and to report Monex's activities to government and the news media, and to continue to do so, unless Monex pays them $20 million. Defendants' statements were not protected communications under California Civil Code Section 47(b), in that (a) the statements were not made as a demand with an intent to proceed with litigation; and (b) defendants did not represent and did not have a relationship with the vast majority of investors whom they purported to represent. To the extent that a facial threat of RICO litigation may be deemed within the scope of Section 47(b), defendants nevertheless threatened other conduct not within the scope of the privilege and not related to the litigation process.

3. Since the Court's March 24, 2009 Order, the Webhost GoDaddy has removed defendants MonexFRAUD website, advising the parties that GoDaddy would revisit the issue after this Court ruled on the Order to Show Cause for a Preliminary Injunction.

4. Other websites operated by or contributed to by defendants publishing negative material about Monex remain in operation.

5. Since this Court's March 24, 2009 Order in this matter, defendants have not retracted their extortionate demands or their threats: (a) to publish additional negative material about Monex on www.MonexFRAUD.com and other

websites, (b) to report Monex's activities to government and the news media, and (c) to continue to do so, unless Monex pays them $20 million.

6. Also since this Court's March 24, 2009 Order defendant Jason Gilliam has testified that his mission short of compelling Monex to pay his extortionate demand of $15 million (his father defendant Richard Gilliam demanded $20 million) was to completely destroy Monex through a relentless marketing and awareness campaign to persuade Monex customers and potential customers to avoid transacting business with Monex, and to consider instead investing with Monex's competitors.

7. Also since this Court's March 24, 2009 Order, defendant Jason Gilliam has again stated that he wants $15 million from Monex.

8. Jason Gilliam has testified that his damages flowing from the shut down of the MonexFRAUD site are injury to his pride, credibility and morale. Richard Gilliam has testified that he'd prefer the site remain shut down. Since the March 24, 2009 Order, Monex has deposited $20,000 cash with the Clerk of the Central District.

9. Defendants are likely to continue publishing negative material on those websites, including www.MonexFRAUD.com, at least if web-services provider GoDaddy.com reinstates the website, and to keep their extortionate threats in place because Monex has refused to pay them.

10. The websites, and particularly the resurrection of the MonexFRAUD.com website, are likely to harm Monex immediately by damaging its reputation, customer relationships, business, revenues, and goodwill.

11. Such harm will not be compensable through money damages because the amount of damage will not be determinable with sufficient precision.

12. Defendants will not suffer any cognizable harm if they are enjoined from extorting, and attempting to extort, money from Monex by means of threatening to publish — and then publishing — negative statements about Monex.

13. Defendants will not suffer any cognizable harm if they are preliminarily enjoined from running their websites pending a judgment in this action.

14. All defendants received actual notice of the Order to Show Cause.

15. Defendant Steven Bowman has not responded to the Order to Show Cause or to any other emailed communications from plaintiffs or defendants after the filing of the Complaint in this matter.

The Court makes the following conclusions of law:

1. Plaintiffs have a reasonable probability of success in this action on one or more theories which would support injunctive relief, including defamation, extortion, trade libel, and interference with contract and with economic advantage.

2. To the extent that defendants' statements about Monex are fraudulent, they are not protected by the First Amendment. *San Antonio Community Hospital v. Southern California District Council of Carpenters*, 125 F.3d 1230, 1239 (9th Cir. 1997); *see Peel v. Attorney Registration and Disciplinary Comm'n of Ill.*, 496 U.S. 91, 107 n. 14, (1990); *Gehl Group v. Koby*, 63 F.3d 1528, 1534 (10th Cir. 1995). As the California Supreme Court has noted: "The policy of this state which characterizes the use of false or fraudulent statements in picketing as unlawful is within the permissible limits which a state may impose upon industrial combatants without impairing the right of free speech." *Magill Bros., Inc. v. Building Serv. Employees' Int'l Union*, 20 Cal.2d 506, 127 P.2d 542, 545 (1942) (*citing Thornhill v. Alabama*, 310 U.S. 88, 1043 (1940)).

3. To the extent that defendants' negative statements are part of an illegal extortion scheme, they are not protected by the First Amendment irrespective of whether they are true or false. *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 420 (1992) (conc. opn. of Stevens, J.) ("Although the First Amendment broadly protects 'speech,' it does not protect the right to ... 'extort.'"); *Flatley v. Mauro*, 39 Cal. 4th 299, 328, 139 P.3d 2, 21 (2006); *Philippine Export & Foreign Loan Guarantee*

*Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 267 Cal. Rptr. 457(Cal. Ct. App. 1990).

4. The balance of equities in considering entry of a preliminary injunction tips in Monex's favor. There is no apparent economic or other harm which defendants will sustain if injunctive relief is granted.

5. This preliminary injunction is in the public interest.

IT IS ORDERED THAT:

A. Defendants and anyone acting in concert with them or on their behalf ARE HEREBY RESTRAINED AND ENJOINED FROM:

   i. Any efforts to extort consideration from Monex, including any efforts to persuade Monex to pay defendants money which directly or indirectly involves: (1) threats against Monex or its employees to publish in any forum or to share information about Monex with third parties, or (2) threats to defame Monex or its employees, unless Monex pays defendants.

   ii. Operating, directly or indirectly, www.MonexFRAUD.com, or any other website address using the name Monex in combination any modifier which implies illegal, unlawful or unethical conduct.

   iii. Publishing or republishing on any website, including, but not limited to, www.MonexFRAUD.com, www.youtube.com, http://digg.com, http://goldismoney.info, and http://americannepali.blogspot.com, or in any other manner any negative statements about Monex of any kind, without regard to whether the statement is false or true. Prohibited statements include, but are not limited to, statements that Monex does not have title to or the ability to deliver precious metals sold under contract to any Monex customer; that Monex was expelled from the National Futures Association for fraud; that Monex operates as a boiler room; that Monex violates any federal or state statutes regulating the business operations of Monex; that Monex has been charged by the Internal Revenue Service with tax evasion; and that Monex fails to accurately disclose to customers account and trading

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

terms (collectively "Prohibited Statements"). This part of the order requires defendants to remove, from any website over which they have sufficient control, all negative statements about Monex, including Prohibited Statements, that they have published or republished there, and to stop using the word MonexFRAUD, all within 72 hours of the entry of this supplemental and amended preliminary injunction. Notwithstanding any other provision of this Order, nothing herein shall prohibit defendants from (a) making statements regarding their own business dealings with Monex, including any losses they may have sustained, or (b) communicating with any governmental entity concerning matters within the scope of that entity's legislative, administrative or regulatory responsibilities.

    iv.    Disclosing or using directly or indirectly in any way any trade secret documentation or other proprietary information belonging to Monex, including all internal Monex documents which are not public, such as Monex customer lists.

    v.    Retaining any trade secret or proprietary information referred to in the last paragraph. To implement this part of the Order, defendants must disclose to and return to Monex within 48 hours of entry of the original Preliminary Injunction all such information and documentation within defendants' possession, or within possession of anyone within defendants' control. To the extent that defendants once had possession of such documentation, but no longer have possession, defendants must within the same 48-hour period also inform Monex's counsel in writing and in specific and sufficient detail: (1) all efforts defendants have made to re-acquire such documentation; (2) what became of such documentation, including the time and date the defendant lost control of the documentation; and (3) who presently has possession of this documentation so that Monex can take steps to recover the documentation.

B.      This order shall be effective as soon as plaintiffs or either of them properly have posted a bond in the amount of $20,000 or deposited a cashier's check for $20,000 with the Clerk of the Court.

Dated: May 27, 2009                    By: _____
Time: _____                           U.S. DISTRICT COURT JUDGE