UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-00287-JVS (ANx)        Date  September 4, 2009

Title  Monex Deposit Company et al. v. Jason Gilliam, et al.

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**  (IN CHAMBERS) Order Denying Defendants Motion to Dismiss Count Three of First Amended Complaint (fld 6-1-09)

Defendants and Counter Plaintiffs Jason Gilliam, Steven Bowman, and Richard Gilliam (collectively, "Defendants") move to dismiss the third claim of the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiffs and Counter Defendants Monex Deposit Company and Monex Credit Company (collectively, "Monex") oppose.  The motion is DENIED.

I.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Nor must the Court "accept as true a legal conclusion couched as a factual allegation."  Id. (quoting Twombly, 550 U.S. at 555).

---

[1] The Court notes that the motion's late filing is not in technical compliance with Local Rule 6-1.  However, the Court finds the filing in substantial compliance and, therefore, considers the motion on its merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-00287-JVS (ANx)                                Date  September 4, 2009

Title   Monex Deposit Company et al. v. Jason Gilliam, et al.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

II.     Discussion

Defendants contend that Monex has failed to state a claim for civil extortion because "Monex never gave in to defendants' alleged extortion(s)." (Mot. Br. 3.)

Extortion is defined as "the obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right." Cal. Penal Code § 518.[2] California has recognized a civil cause of action for the recovery of money obtained by the wrongful threat of criminal or civil prosecution, whether the claim is denominated as "extortion, menace, or duress." Fuhrman v. Cal. Satellite Sys., Inc., 179 Cal. App. 3d 408, 426 (1986) (citing, inter alia, Leeper v. Beltrami, 53 Cal. 2d 195, 204 (1959), disapproved on other grounds, Silberg v. Anderson, 50 Cal. 3d 205, 212-13 (1990).[3]

Monex's extortion claim involves threats of "criminal or civil prosecution," as in Fuhrman, as well as threats to "business or property interests," as in Leeper. (See FAC ¶¶ 2, 5, 6, 103, 110, 118 (threats to business); id. ¶¶ 2, 6-7, 103, 109-10, 112-14, 119 (threats to share information with government); id. ¶¶ 6, 110 (threats to sue).) But, like in Fuhrman and unlike in Leeper, Monex never paid any money or transferred any property in response to Defendants' threats. (See FAC ¶¶ 101-24.) This is clear on the face of the FAC, which plainly states that "Monex would not pay defendants' extortion demands." (Id. ¶ 115.)

---

[2]  The court recognizes that other provisions of the Penal Code concern threats to extort, but the operative definition of extortion, cited by both parties, is section 518.

[3]  Monex cites no authority to establish a civil cause of action for extortion and, therefore, the Court relies on Fuhrman as the most relevant authority for this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-00287-JVS (ANx)                                    Date  September 4, 2009

Title  Monex Deposit Company et al. v. Jason Gilliam, et al.

In <u>Fuhrman</u>, the California Court of Appeal concluded: "The fatal flaw in plaintiff's action is that she apparently never paid the money defendants demanded." 179 Cal. App. 3d at 426. At first glance, this statement might suggest that Monex cannot state a claim for civil extortion. However, viewed in its proper factual, historical, and legal context, this statement does not preclude an implied cause of action under California Penal Code section 523, which states:

> Every person who, with intent to extort any money or other property from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in Section 519,[4] <u>is punishable in the same manner as if such money or property were actually obtained by means of such threat</u>.

Cal. Penal Code § 523 (emphasis added). First, the Court agrees with Monex that <u>Fuhrman</u> is factually distinguishable: There, the court found that neither attorney fees nor emotional distress asserted legally cognizable and proximately caused damages; here, Monex alleges proximately caused damages. (FAC ¶¶ 152-53.) Second, the Court agrees with Monex that <u>Fuhrman</u> predates the California Supreme Court's adoption of section 874A of the Restatement (Second) of Torts,[5] which states:

> <u>When a legislative provision protects a class of persons by proscribing . . . certain conduct but does not provide a civil remedy for the violation, the court may</u>, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, <u>accord to an injured member of the class a right of action, using a . . . new cause of action analogous to an existing tort action</u>.

---

[4] Threats specified in California Penal Code section 519 are those either: "(1) [t]o do an unlawful injury to the person or property of the individual threatened or of a third person; or, (2) [t]o accuse the individual threatened, or any relative of his, or member of his family, of any crime; or, (3) [t]o expose, or to impute to him or them any deformity, disgrace or crime; or, (4) [t]o expose any secret affecting him or them." Cal. Penal Code § 519.

[5] See <u>Katzberg v. Regents of Univ. of Cal.</u>, 29 Cal.4th 300, 310 (2002) (adopting the Restatement provision).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00287-JVS (ANx) | Date | September 4, 2009 |
| Title | Monex Deposit Company et al. v. Jason Gilliam, et al. | | |

Restatement (Second) of Torts § 874A (emphases added). Thus, finally, Fuhrman is of limited legal use in determining whether an implied cause of action for civil extortion may be found in the California Penal Code. The Court finds that such a cause of action, either at law or at equity, may be properly found in section 523, which proscribes extortion notwithstanding that the defendant ultimately obtained no money or property by means of his extortionate threats.

Accordingly, because the civil tort for extortion is derived from the crime of extortion, and because recognizing a claim for civil extortion furthers the purpose of California Penal Code section 523, the Court declines to dismiss the third cause of action.

III. Conclusion

For the foregoing reasons, the Court DENIES the motion.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |