UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

(SOUTHERN DIVISION – SANTA ANA)

| | |
|---|---|
| MONEX DEPOSIT CO., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JASON GILLIAM, et al.,<br><br>Defendants,<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV 09-287-JVS(RNBx)<br><br>**AMENDED JUDGMENT ON EXTORTION IN FAVOR OF MONEX DEPOSIT CO. AND MONEX CREDIT CO., AND AGAINST JASON GILLIAM; PERMANENT INJUNCTION; ORDER ALLOWING JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>The Hon. James V. Selna |

The Court having considered and ruled on the Motion of Monex Deposit Co. and Monex Credit Co. to amend the Judgment against Jason Gilliam (Docket No. 327) pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the Court now enters its Amended Judgment:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)

23587\2110210.1

be entered against defendant Jason Gilliam and in favor of plaintiffs Monex Deposit Co. and Monex Credit Co. on plaintiffs' claim of extortion.

<u>The Court finds the following facts and makes the following conclusions of law:</u>

1. The Court has jurisdiction over plaintiffs and defendants Jason Gilliam and Richard Gilliam, and over the subject matter of this civil action.

2. Monex Deposit Company and Monex Credit Company (collectively, "Monex") is a retail dealer in precious metals, transacting sales and purchases with members of the public. Monex thus has economic relationships with its customers and potential customers.

3. Jason Gilliam was the owner and operator of, and contributor to, the website www.MonexFraud.com.

4. Monex's relationship with at least one of its active customers, John Barton, had a probable future economic benefit to Monex.

5. Defendants Jason and Richard Gilliam knew of the economic relationships Monex had with its customers and potential customers in part because the Gilliams had been Monex customers themselves.

6. Jason Gilliam intentionally tried to disrupt, through his publications on the MonexFraud.com website, the relationships between Monex and its customers.

7. Jason Gilliam's intentional attempts to disrupt these relationships was independently wrongful because those attempts were part of his attempt to extort $15 million from Monex, for which he is independently liable, for the reasons set forth below.

8. Mr. Barton decided not to do further business with Monex because he read allegations about Monex on www.MonexFraud.com. Jason Gilliam therefore interrupted Monex's economic relationship with Mr. Barton. Mr. Barton went on to do business with one of Monex's competitors. He said he would have conducted this business with Monex had www.MonexFraud.com (and therefore Jason

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)

- 2 -

23587\2110210.1

Gilliam) not influenced him.

9. Jason Gilliam and MonexFraud.com economically harmed Monex by causing it to lose business, including that of Mr. Barton.

10. On February 13, 2009, Jason Gilliam delivered a written correspondence to Monex in the form of a demand letter and a "Plan of Action."

11. The letter and "Plan of Action" expressed and implied threats listed in California Penal Code Section 519, including publicly to accuse Monex of crimes, to expose Monex's alleged crimes, to expose Monex secrets, such as a Monex "Position Report" document containing trade secrets, and to do an unlawful injury to Monex (*i.e.*, intentional interference with prospective economic advantage).

12. California Penal Code Section 523 implies a civil cause of action for attempted extortion, and the provisions of California Penal Code Section 519 are incorporated within that cause of action.

13. Jason Gilliam intended to improperly use fear created by the Section 519 threats in order to extort a payment of $15 million from Monex to him and/or one or more confederates with whom he was working.

14. Neither Jason nor Richard Gilliam intended to bring a lawsuit against Monex at the time Jason Gilliam delivered the letter and "Plan of Action" to Monex.

15. Statements in the letter and "Plan of Action" suggesting Jason Gilliam's intent to litigate were fabrications, thus removing any remaining possible doubt that Jason Gilliam intended to improperly use fear created by the Section 519 threats to extort money intentionally from Monex.

16. Addressing such fabrications, first, Jason Gilliam admitted that there were never 234 people seeking recovery from Monex and, in fact, that 184 of these people came from an apparently misappropriated Monex "Position Report" document listing these investors. None of these 184 people asked Jason Gilliam to represent them. Jason Gilliam did not know whether these people wanted any

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)           - 3 -                                      23587\2110210.1

money from Monex. As for the remaining, approximately 50 people, Jason Gilliam had not spoken to all of them. He did not have any documented proof of their losses. He refused to identify those people at his deposition. He provided no evidence to support his statements in the letter that he represented 234 people or that he had a valid basis to demand $15 million from Monex. That amount was far in excess of the losses allegedly incurred by Jason and Richard Gilliam, defendant Steven Bowman, and seven people who submitted declarations indicating they may have contemplated suing Monex.

17. Second, there is no evidence to support Jason Gilliam's reference in the written correspondence to two former Monex account representatives willing to testify regarding Monex's allegedly illegal activities.

18. The only former Monex account representative Jason Gilliam produced for deposition did not testify to facts that supported the allegations made in the letter and "Plan of Action" regarding Monex's allegedly illegal conduct.

19. Third, there is no evidence to support the statement in the letter and "Plan of Action" that Monex had breached the standard Atlas Agreement it entered into with its customers.

20. Fourth, there is no evidence that www.MonexFraud.com was a central hub for a class action effort against Monex.

21. There was no class action effort against Monex connected to any defendant or to www.MonexFraud.com. Jason Gilliam never brought such a class action and, in fact, said he would not have joined a class action suit against Monex.

22. Jason Gilliam did not intend to bring suit against Monex when he made the communication to Monex demanding payment.

23. MonexFraud.com was an integral part of the attempted extortion because Jason Gilliam's written communications which he delivered to Monex stated that more negative information about the company would be posted to the website if his demands were not satisfied, and because such threats were, in fact,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)

- 4 -

23587\2110210.1

1  carried out.

2      24. The litigation privilege of California Civil Code Section 47(b)(2) does not protect Jason Gilliam from liability because neither he nor any one else working with him made a settlement demand related to litigation that any or either of them contemplated in good faith and had under serious consideration.  Furthermore, the amount of money he demanded far exceeded the alleged losses of the Gilliams, Steven Bowman, and the seven declarants who indicated they were contemplating a lawsuit against Monex.

    25. Jason Gilliam's negative statements about Monex on MonexFraud.com and threats to Monex to make such statements absent payment, whether true or false, were never, and never could be, protected by the federal or California constitutions' free-speech guaranties because these threats and statements were unlawful speech made with the intent to extort. *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 420, 112 S. Ct. 2538, 2563 (1992) (conc. opn. of Stevens, J.) ("Although the First Amendment broadly protects 'speech,' it does not protect the right to ... 'extort.'"); *Flatley v. Mauro*, 39 Cal. 4th 299, 328, 139 P.3d 2, 21 (2006); *People v. Choynski*, 95 Cal. 640, 642–43, 30 P. 791 (1892); *People v. Umana*, 138 Cal. App. 4th 625, 638, 41 Cal. Rptr. 3d 573, 582 (2006); *Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 267 Cal. Rptr. 457 (1990).  Even if Jason Gilliam would have been within his rights to obtain money from Monex for himself or others, or to make the statements he made publicly and to government officials concerning Monex, he committed attempted extortion by combining the threats to make these statements with the demand for money. *See Flatley*, 39 Cal. 4th at 326 (2006); *accord Gomez v. Garcia*, 81 F.3d 95, 97 (9th Cir. 1996); *People v. Tufunga*, 21 Cal. 4th 935, 955, 987 P.2d 168 (1999); *Lindenbaum v. State Bar*, 26 Cal. 2d 565, 573, 160 P.2d 9 (1945).

    26. Jason Gilliam did not retracted his extortionate demands or threats: (a) to publish additional negative material about Monex on MonexFraud.com and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)

- 5 -

23587\2110210.1

otherwise, (b) to report Monex's activities to government and the news media, and (c) to continue to do so, unless Monex paid him $15 million.

27. Unless the Court enjoins such conduct, Jason Gilliam is likely to publish negative material about Monex, including on MonexFraud.com or a similar web site, and to keep his extortionate threats in place because Monex has refused to pay them.

28. Such negative statements, particularly on the web, are likely to continue to harm Monex by damaging its reputation, customer relationships, business, revenues, and goodwill.

29. Such harm will not be compensable through money damages because the amount of damage will not be determinable with sufficient precision.

30. The balance of equities in considering entry of a permanent injunction tips in Monex's favor.

31. This permanent injunction is in the public interest.

32. This order, insofar as it grants summary judgment against Jason Gilliam on the claim of extortion, settles fewer than all the claims in this multi-claim lawsuit and settles that claim as to fewer than all defendants. This order is the ultimate disposition of that cognizable claim for relief against Jason Gilliam.

33. There is no just reason to delay entry of judgment against Jason Gilliam on the claim of extortion. A judgment on that claim now will make resolution of this action more efficient and facilitate settlement of the remaining claims, including by allowing appellate review of the key legal issues in this case.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:

Jason Gilliam and anyone acting in concert or in participation with him, including as his agent, servant, employee, attorney, representative, partner, joint venturer or otherwise on his behalf, who receives notice of this order or its contents by any means, ARE HEREBY PERMANENTLY RESTRAINED, ENJOINED, AND PROHIBITED FROM:

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)     - 6 -     23587\2110210.1

i.      Any effort to extort consideration from Monex, payable to anyone or any organization, including any effort to persuade Monex to pay any money, if such effort directly or indirectly involves: (1) any threat to publish a negative statement, whether true or false, about Monex or its employees in any forum or to share such information about Monex with third parties, or (2) any threat to criticize Monex or its employees, or (3) publishing any negative statement or criticism with respect of Monex or its employees, whether true or false.

ii.     Operating, directly or indirectly, www.MonexFraud.com or any other website address or publication using the name Monex in combination with any modifier which implies illegal, unlawful, unethical, immoral, or otherwise improper conduct, whether such accusation against Monex be true or false.  The Court grants this relief because www.MonexFraud.com was one of the specific instrumentalities used by Jason Gilliam to carry out his scheme to extort, and the Court finds it proper to enjoin the operation of www.MonexFraud.com and such other sites as Jason Gilliam might use as a surrogate for www.MonexFraud.com.  Cf. Balboa Island Village, Inc. v. Lemen, 40 Cal. 4th 1141, 1156, 1162 (2007); Evans v. Evans, 162 Cal. App. 4th 1157,1168 (2008).

iii.    Publishing or republishing on any website, including, but not limited to, www.MonexFraud.com, www.youtube.com, http://digg.com, http://goldismoney.info, and http://americannepali.blogspot.com, or in any other manner or forum statements that Monex does not have title to, or the ability to deliver, precious metals sold under contract to any Monex customer; that Monex was expelled from the National Futures Association for fraud; that Monex operates as a boiler room; that Monex violates any federal or state statutes regulating the business operations of Monex; that Monex has been charged by the Internal Revenue Service with tax evasion;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)                - 7 -                              23587\2110210.1

1 and that Monex fails to disclose accurately to customers account and trading
2 terms (collectively "Prohibited Statements").  The Court finds that Jason
3 Gilliam used these specific statements in his scheme to extort Monex, and
4 thus it is proper to enjoin him from repeating these statements. Cf. Balboa
5 Island Village, 40 Cal. 4th at 1162 ("a properly limited injunction prohibiting
6 defendant from repeating statements about plaintiff that were determined at
7 trial to be defamatory would not violate defendant's right to free speech");
8 Evans, 162 Cal. App. 4th at 1168-69.  This part of the order requires removal
9 of the following, within 72 hours of the entry of this judgment, from any
10 website or other publication over which Jason Gilliam or anyone covered by
11 this injunction has sufficient control to influence such website or publication
12 Prohibited Statements that they have published or republished there.  This
13 part of the order also requires stopping the use the word MonexFraud, or any
14 variant thereof, within 72 hours of the entry of this judgment.

15         iv.     Disclosing or using directly or indirectly in any way any trade
16 secrets or other proprietary information belonging to Monex, including all
17 internal Monex documents which are not public, such as Monex customer
18 lists and Monex customer position reports.

19         v.      Retaining any trade secret or proprietary information referred to
20 in the last paragraph. To implement this part of the judgment, Jason Gilliam
21 and anyone covered by this injunction must disclose to and return to Monex
22 within 48 hours of entry of this judgment and permanent injunction all such
23 information and documentation within their possession, or within the
24 possession of anyone under their control.  To the extent that Jason Gilliam
25 and anyone covered by this injunction once had possession of such
26 documentation, but no longer has possession, they must within the same 48-
27 hour period also inform Monex's counsel of the following, in writing and in
28 detail sufficient to allow Monex to use it to take effective steps to recover the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)                - 8 -                                              23587\2110210.1

1  documentation: (1) all efforts made to re-acquire such documentation; (2)
2  what became of such documentation, including the time and date they lost
3  control of the documentation; and (3) who presently has possession of this
4  documentation.

6  **Notwithstanding any other provision of this Order, nothing herein shall**
7  **prohibit Jason Gilliam from (a) making statements regarding his own business**
8  **dealings with Monex, including any losses he may have sustained, or (b)**
9  **communicating with any governmental entity concerning matters within the**
10 **scope of that entity's legislative, administrative or regulatory responsibilities.**

12 The Court issues the foregoing permanent injunction based on the Court's
13 entry of summary judgment against defendant Jason Gilliam on plaintiffs Monex
14 Deposit Co.'s and Monex Credit Co.'s claim of extortion against him. The Court's
15 bases for entering summary judgment are set forth above and in its Order re
16 Motions for Summary Judgment and Motion for Summary Adjudication, Docket
17 No. 301.
18 Monex is the prevailing party in this litigation on the claims of extortion and
19 intentional interference with prospective business advantage for the purposes of
20 recovering costs and, if allowable, fees.
21 The Court shall retain jurisdiction over this action for purposes of construing
22 and enforcing the terms of this judgment and permanent injunction, and for
23 punishing violations thereof.

25 Dated: January 26, 2010

*/s/ James V. Selna*
Judge James V. Selna
United States District Judge

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] EXTORTION J.; PERM. INJ.
CASE NO. SACV 09-287-JVS(RNBx)                    - 9 -                    23587\2110210.1