UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-287 JVS (ANx) | Date | March 24, 2010 |
| Title | Monex Deposit Company v. Jason Gilliam, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS)
   Order Granting Plaintiff's Motion for Sanctions and Entry of Default

    Plaintiffs Monex Deposit Company and Monex Credit Company (collectively, "Monex") move for sanctions and entry of default pursuant to Federal Rule of Civil Procedure 37 against Defendants Richard Gilliam and Jason Gilliam (collectively, "the Gilliams"),[1] who are proceeding *pro se*. The motion is unopposed.

I.     Background

    The Court finds the following facts are established by the record. The Gilliams refused to appear at properly noticed depositions on January 8, 2010 and March 9, 2010. The Gilliams objected to the noticing of the January 8, 2010 depositions on the grounds that they "had already made plans" that made "their appearance . . . impossible" and that they were "not obligated to show up to tolerate" allegedly abusive behavior by Monex's counsel. (Doc. No. 314.) After the Gilliams failed to appear on January 8, 2010, Monex renoticed the depositions for March 9, 2010. On February 8, 2010, the Court ordered the Gilliams to appear at the renoticed depositions. (Doc. No. 375.) Monex made numerous attempts to communicate with the Gilliams to ascertain whether they would attend the renoticed depositions, but the Gilliams refused to respond.[2] (Andrews Decl. ¶ 19, Ex. H.)

---

    [1] For clarity, the Court uses the full names of Richard Gilliam and Jason Gilliam throughout.

    [2] In January 2010, Jason Gilliam created an automated email reply that reads, in relevant part, as follows: "If you are an attorney for Monex then the following message is my official response to all of your inquiries. [Text of the Fifth Amendment] If you wish to ask me for anything, no matter how important or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-287 JVS (ANx) | Date | March 24, 2010 |
| Title | Monex Deposit Company v. Jason Gilliam, et al. | | |

The Gilliams failed to appear at their depositions scheduled for March 9, 2010.

     The Gilliams have refused to produce documents in violation of an Order issued by Magistrate Judge Block. (Doc. No. 367.) They have also failed to pay sanctions ordered by Magistrate Judge Block in connection with Monex's motion to compel the production of documents. (Doc. No. 374.) The Gilliams have also refused to work with Monex on various required pretrial filings, including specifically the preparation of a proposed final pretrial conference order, and failed to attend the final pretrial conference.

     On February 4, 2010, the Gilliams filed a document expressing their intent to refuse to participate further in this litigation or respect the authority of this Court. (Notice Re Modification of Defendant's Court Filings, Etc., Doc. No. 357.) The Gilliams stated that "they will no longer communicate in any way shape or form with the plaintiffs and their counsel unless it is through a neutral third party mediator." (Id. at 2.) They also stated that they "do not consent to any implied obligation of compliance with the orders" of the Court, that they do not "consent to any orders to pay sanctions," and that "they do not consent to any debate or argument, oral or written, regarding any issue whatsoever." (Id. at 2-3.) They also explicitly refused to produce the documents requested by Monex: "The defendants are hereby notifying this court and all parties that they will not under any circumstances produce the information that plaintiffs' counsel is requesting." (Id. at 3.)

II.    Legal Standard

     Federal Rule of Civil Procedure 37 permits the Court to enter various sanctions against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A).[3] The Court may also impose sanctions when a party fails to attend his own

---

```
trivial you may believe your request to be, I have no comment and
I reserve my right to remain silent. My official response to all
such requests is as follows: 'I do not consent to anything.'"
(Andrews Decl. ¶ 14, Ex. E.)
```

    [3] The available sanctions include the following: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-287 JVS (ANx)   Date  March 24, 2010

Title  Monex Deposit Company v. Jason Gilliam, et al.

deposition. Fed. R. Civ. P. 37(d)(3).[4] Terminating sanctions, such as dismissal or default, are reserved for cases where a party's noncompliance is due to willfulness, fault, or bad faith. Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2003); In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996).[5]

"In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, the district court must weigh five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Brotby, 364 F.3d at 1115 (quoting Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997)). "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them." Id. In such a situation, whether termination sanctions are appropriate "urns on the third and fifth factors." Id.

In determining whether a district court has adequately considered the fifth factor, the Ninth Circuit evaluates "whether the court (1) explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate; (2) implemented lesser sanctions before ordering the case dismissed; and (3) warned the offending party of the possibility of dismissal." Id.

III.   Discussion

The Court deems the Gilliams' failure to oppose the motion as consent to the

---

order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

[4] Rule 37(d)(3) authorizes the imposition of any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi).

[5] The Court notes that it also has the power under Rule 16 to impose sanctions on the Gilliams for their failure to comply with their pretrial conference obligations. Fed. R. Civ. P. 16(f)(1). The available sanctions are coextensive with those under Rule 37(b)(2)(ii)-(vii). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-287 JVS (ANx)                                Date   March 24, 2010

Title   Monex Deposit Company v. Jason Gilliam, et al.

granting of the motion. Local Rule 7-12. The Court also grants the motion on its merits.

Before turning to the five factor test described above, the Court will consider whether the Gilliams' noncompliance with Magistrate Judge Block's Order compelling the production of documents and this Court's Order directing the Gilliams to attend their depositions was due to willfulness, fault, or bad faith. The Court finds that the Gilliams intentionally and in bad faith violated these discovery orders. This finding is supported by the Gilliams' February 4, 2010 filing. (See Doc. No. 357.) This document shows that the Gilliams have made an intentional decision to absent themselves from further proceedings in this case and to refuse to obey this Court's orders. Because the Gilliams acted willfully and in bad faith, their noncompliance warrants the consideration of terminating sanctions.

The Gilliams have violated an Order issued by Magistrate Judge Block compelling the production of documents and an Order issued by this Court directing the Gilliams to attend their depositions. Accordingly, the Court finds that the first and second factors favor the imposition of terminating sanctions, while the fourth factor cuts against them. See Brotby, 364 F.3d at 1115.

The third factor concerns prejudice to Monex. The Court finds that Monex has been prejudiced by the Gilliams' failure to produce documents and to appear at their depositions.[6] The Gilliams' "discovery violations threaten to interfere with the rightful decision" of this case. Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007) (quoting Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Furthermore, the Ninth Circuit has held that discovery violations identical to those in this case are sufficient to establish prejudice. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Here, the repeated failure of Adriana to appear at scheduled [depositions] compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful

---

    [6] Although Monex already took the deposition of both Richard
    Gilliam and Jason Gilliam earlier in this case, Monex sought
    additional depositions in light of the Court's summary judgment
    ruling and declarations submitted by the Gilliams with their
    summary judgment briefing. The Court finds that Monex's stated
    reasons for the additional depositions are reasonable (see Mot.
    Br. 3-4, 13), and that its inability to take these depositions
    constitutes prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-287 JVS (ANx)                                Date   March 24, 2010

Title   Monex Deposit Company v. Jason Gilliam, et al.

decision of the case. Therefore, prejudice has been established . . . ."); see also Brotby, 364 F.3d at 1116 (failure to produce documents constitutes prejudice).

The fifth factor concerns the availability of lesser sanctions. Here, such sanctions would be ineffective for two reasons. First, the Gilliams have explicitly stated that they will not comply with this Court's orders, that they will not pay monetary sanctions, and that they refuse to participate further in this case. (See Doc. No. 357.) Second, the Gilliams have failed to pay monetary sanctions as required by an Order issued by Magistrate Judge Block. (Doc. No. 374.) In light of the Gilliams' stated intent to purposefully obstruct discovery in this case, any lesser sanction would be ineffective. Lesser sanctions have already been implemented, but the Gilliams' behavior has not changed. Furthermore, the Gilliams were on notice that their continued noncompliance could result in terminating sanctions. During a hearing on February 8, 2010, the Court warned the Gilliams that it was "prepared to take appropriate action upon motion" if they did not comply with their discovery obligations.[7] (Supp. Andrews Decl., Ex. A.) Monex has also warned the Gilliams that the Court might impose terminating sanctions. (Andrews Decl., Ex. I.); see also Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 771 (9th Cir. 1995) (holding that notice by opposing party of its intention to seek default judgment as a sanction meant that the noncomplying party could not have been surprised by the severity of the sanction). Even if these warnings were not sufficient, the Ninth Circuit has held that an explicit warning of terminating sanctions is not necessary in cases where violations of discovery orders are willful. See Noble Metals, 67 F.3d at 771 (citing Adriana, 913 F.2d at 1413; Malone v. U.S. Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987)); see also In re Phenylpropanolamine (PPA) Prods. Liability Litig., 460 F.3d 1217, 1229 (9th Cir. 2006) (noting that the Ninth Circuit focuses more closely on the lack of warning when terminating sanctions are issued sua sponte rather than in response to a noticed motion).

In sum, the Court finds that all of the factors, other than the preference for dispositions of cases on their merits, favor the imposition of terminating sanctions under Rule 37(b)(2)(A) and Rule 37(d)(3). Accordingly, the Court strikes the Gilliams' Answer and enters default against the Gilliams.

---

[7] The Gilliams failed to attend this hearing. Monex, however, emailed the hearing transcript to the Gilliams. (Supp. Andrews Decl. ¶ 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-287 JVS (ANx)                         Date  March 24, 2010

Title     Monex Deposit Company v. Jason Gilliam, et al.

    Monex also requests monetary sanctions in the amount of its attorney's fees and expenses. (See Mot. Br. 18.) The Court declines to rule on this request at this time because Monex has not attached documentation of its attorney's fees and expenses or explicitly stated the legal basis for the requested monetary sanctions.[8]

IV.  Conclusion

    For the foregoing reasons, the Court GRANTS the motion, strikes the Gilliams' Answer, and enters default against the Gilliams. Monex may file an application or motion for default judgment.[9] Monex may also file another motion for monetary sanctions that includes the legal and evidentiary support necessary for the Court to determine whether monetary sanctions are appropriate and the proper amount of such sanctions.

    Given the Gilliams' failure to respond to the motion and their avowed refusal to participate in this case (see Doc. No. 357), the Court vacates the April 12, 2010 hearing on the motion.

    In view of the entry of default, the Court vacates the April 13, 2010 trial date.

    IT IS SO ORDERED.

                                                                                                                         00 : 00

                                              Initials of Preparer    kjt

---

[8] The Court presumes that Monex's request is based upon Rule 37(b)(2)(C) and Rule 37(d)(3).

[9] If Monex seeks a permanent injunction against Richard Gilliam, it shall submit a proposed permanent injunction that is consistent with the permanent injunction entered against Jason Gilliam.